UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CASEY J. STEWART,

        Plaintiff,

        v.

JOS. A. BANK CLOTHIERS, INC.,

        Defendant.
_____/

No. C 09-5348 PJH

**ORDER GRANTING MOTION TO TRANSFER**

Before the court is defendant's Jos. A. Bank Clothiers, Inc.'s ("Bank") motion to transfer venue to the United States District Court for the Eastern District of California ("Eastern District") pursuant to 28 U.S.C. § 1404(a). Plaintiff Casey Stewart ("Stewart") opposes this motion. Having carefully read the parties' papers, considered the relevant legal authority, and heard the parties' oral arguments, the court hereby GRANTS Bank's motion to transfer venue for the reasons stated below.

**BACKGROUND**

The underlying cause of action is an employment discrimination case alleged by Stewart on behalf of a putative class of African Americans who worked at or applied for managerial positions at any Bank store in the chain's western administrative region. See generally Compl.

Bank is a men's clothing retail chain. Decl. of William Craley ¶ 2. Stewart worked at Bank's Sacramento store from July 21, 2008 to October 21, 2009 when he was fired in person at the Sacramento store. Decl. of William Craley ¶¶ 4. Stewart presently lives in Sacramento and lived there throughout the entire course of his employment with Bank. Id.

Stewart alleges that he applied for managerial positions at Bank stores in the

Northern District of California ("Northern District").  Decl. of Casey Stewart ¶ 3.  Stewart, an African American man, further alleges that he was not hired for these positions because Bank wanted to cultivate a "white image" and that white, lesser-qualified candidates were hired for these managerial positions.  Compl. ¶ 21; Decl. of Casey Stewart ¶ 6.  Finally, Stewart alleges that Bank operates an intentionally discriminatory system with respect to job assignment, compensation, promotion, and discipline.  Compl. ¶ 28.

Stewart filed a complaint of discrimination with the California Department of Fair Employment and Housing on August 28, 2009.  Exh. A.  Stewart then filed the current complaint in this court on November 12, 2009.  Stewart's complaint alleges two claims: (1) a Federal Civil Rights claim under 42 U.S.C. § 1981 alleging that Bank maintains an intentionally discriminatory system of job assignments, compensation, hiring, promotion, and discipline in the western region of the United States; and (2) a California Fair Employment and Housing Act violation under California Government Code § 12940 et seq. based on the same allegations as the federal claim.  Id. ¶¶ 26-32.

**DISCUSSION**

A.   Legal Standard

In a motion to transfer venue, the moving party first must establish "that venue is proper in the transferor district," Vu v. Ortho-McNeil Pharm., Inc., 602 F.Supp.2d 1151, 1156 (N.D. Cal. 2009) (quoting Goodyear Tire Rubber Co. v. McDonnel Douglas Corp., 820 F.Supp. 503, 506 (C.D. Cal. 1992)), and "that the transferee district is one where the action might have been brought."  Id.  Title 28 U.S.C. § 1391(b)(2) provides that in a case where jurisdiction is based on a federal claim, a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."  Only events and omissions that directly give rise to the claim are relevant to the proper venue determination.  Jenkins Brick Co. v. Bremer, 321 F.3d 1366 (11th Cir. 2003).  If events giving rise to the claim occur in multiple districts, the proper venue is not necessarily the district in which the majority of the events occurred; rather, it is sufficient that a

substantial part of the events occurred in a district.  Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 356 (2d Cir. 2005); Schwarzer et al., Federal Civil Procedure Before Trial § 4:316.

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Once a court has determined that venue would be proper in both the transferor district and the proposed transferee district, it may use the following factors to determine whether a discretionary transfer would further the goals of § 1404(a):

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

Vu, 602 F. Supp. 2d at 1156.  The party requesting the transfer has the burden of showing that transfer is proper.  Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

B.    Motion to Transfer

There are two issues that the court must resolve: (1) under § 1391(b), in which district did a substantial part of the events giving rise to Stewart's claim occur; and (2) which district is most convenient for the parties and witnesses according to the 28 U.S.C. § 1404(a) discretionary transfer balancing test.

1.    <u>Where Did a Substantial Part of the Events Giving Rise to the Claim Occur</u>

Under § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."  To succeed in a motion to transfer venue, the moving party must establish that both the transferor and transferee districts are proper venues.  See Vu, 602 F.Supp.2d at 1156.  Therefore, Bank must establish that venue is proper in both the Eastern District and the Northern District before

the § 1404(a) discretionary transfer balancing test may be applied to determine the desirability of transfer. Bank's counsel, at the hearing on this matter, conceded that the Northern District is a proper venue for this case. Therefore, Bank must only establish that venue would also be proper in the Eastern District. See Vu, 602 F.Supp. 2d at 1156.

Bank has made an adequate showing that a substantial part of the events giving rise to the claims occurred in the Eastern District. See 28 U.S.C. § 1391(b)(2). The declarations submitted by Bank, which are unchallenged by Stewart, establish that Stewart lived in Sacramento and worked in Bank's Sacramento store throughout the relevant period for this action. Decl. of William Craley ¶¶ 4-6. Although Stewart's complaint focuses on discriminatory hiring and promotion practices, it also alleges discrimination in job assignments, compensation, and discipline. Compl. ¶ 28. Of these allegations, only hiring and promotion are linked to events that occurred outside of the Eastern District. Stewart worked and lived in Sacramento during the relevant time period, so his allegation of a discriminatory system of job assignments, compensation, and discipline only impacted him personally while he was in the Eastern District.

Stewart's claim goes beyond hiring and promotion practices at Bank; the breadth of his claim, combined with his residency and work history in Sacramento, establish that a substantial portion of the events giving rise to the claim occurred in the Eastern District. Thus, venue is proper in the Eastern District.

2.      <u>Balancing Test for Discretionary Transfer</u>

Having determined that venue is proper in both the Northern District and the Eastern District under § 1391(b)(2), the court now balances the relevant factors under § 1404(a) case law to determine if a discretionary transfer to the Eastern District is warranted.

    a.      Plaintiff's Choice of Forum

Generally, courts give deference to the plaintiff's choice of forum. Schwarzer et al., <u>Federal Civil Procedure Before Trial</u> § 4:760. However, this deference is considerably diminished when the plaintiff has brought a claim in a district that does not include his or

her residence. Vu, 602 F. Supp. 2d at 1156; Schwarzer et al., Federal Civil Procedure Before Trial § 4:761. Stewart does not live in the Northern District. Bank has continuously asserted this fact throughout its briefs and has submitted declarations and authenticated evidence documenting Stewart's residence in Sacramento. See generally, Bank's Motion; Bank's Reply; Decl, of William Craley; Exhibit A; Exhibit B. Stewart has never challenged these assertions.

Because Stewart lives in the Eastern District, his forum choice of the Northern District is afforded less deference than if he had brought the suit in his home district. This factor weighs only slightly against transfer.

      b.      Convenience of the Parties

Stewart did not address this factor in his brief; however, taking into account Stewart's residency in Sacramento, the court does not assume that the Northern District would be a more convenient venue than the Eastern District for Stewart, in fact, the court assumes the opposite. In contrast, Bank argues that if the case remains in the Northern District, Bank's business operations will suffer during the time its Sacramento employees are in the Northern District testifying at trial and that it will have to pay its employees' transportation and accommodation expenses while they are testifying at trial. These are valid party convenience concerns that weigh in favor of transfer to the Eastern District.

      c.      Convenience of the Witnesses

The convenience of the witnesses is the most important factor in the § 1404(a) transfer determination. Schwarzer et al., Federal Civil Procedure Before Trial § 4:733; see also Saleh v. Titan Corp., 361 F.Supp.2d 1152, 1160 (S.D. Cal. 2005). "The court will want to know who the witnesses are, where they are located, what their testimony will be and why such testimony is relevant or necessary." Schwarzer et al., Federal Civil Procedure Before Trial § 4:733. Additionally, "the court will consider not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony in relation to the issues in the case." Id. (emphasis in original). While relevant, unidentified

witnesses have little impact on the transfer determination because "[i]t is difficult to evaluate the role of these witnesses and realize the impact of a venue change on their function." E. & J. Gallo Winery v. F. & P. S.p.A., 899 F. Supp. 465, 467 (E.D. Cal. 1994); Miracle Blade, LLC, v. Ebrands Commerce Group, LLC, 207 F. Supp. 2d 1136, 1156 (D. Nev. 2002).

      Stewart has not stated with particularity who he thinks are relevant or necessary witnesses; he specifically named two witnesses and alluded to the existence of several others. One of the named witnesses, David Beaudin, lives and works in the Northern District. Decl. of David Beaudin ¶¶ 2-4. Because Beaudin resides in the Northern District, the convenience of this witness weighs against transfer. Stewart also named Carol Moore as a potential witness; however, Moore lives in Houston, Texas, so this witness weighs neither against nor for a transfer of venue. Unfortunately, other than these two witnesses, Stewart did not state with particularity any additional witnesses. Stewart suggested several "individual (names unknown at this point)" witnesses who reside in the Northern District. Opposition at 10. These potential, unidentified witnesses residing in the Northern District include: the non-African American individuals who were promoted to the positions for which Stewart applied, the store managers of the San Francisco and San Mateo stores, and the "Nigerian employee who was referred to in the David Beaudin declaration." Opposition at 10. Stewart has not submitted declarations from these individuals nor explained the potential value of these witnesses.

      Similar to the court's predicament in Gallo Winery, "these witnesses [though relevant] are not identified and their anticipated testimony has not been presented to the Court in the form of required affidavits or declarations. It is difficult to evaluate the role of these witnesses and realize the impact of a venue change on their function." Gallo Winery, 899 F. Supp. at 467. Stewart has not identified these witnesses with sufficient particularity nor given the court any indication of the nature and quality of the unidentified witnesses' testimony.

      On the other hand, Bank has specifically identified several witnesses in the Eastern

District whose testimony will be material. In his declaration, William Craley, Bank's Manager of Employee Relations, stated that the following witnesses would have knowledge of the allegations that Stewart makes in his complaint: Patricia Brown, manager of the Sacramento store; Jackie Cordrey, manager of the Roseville store; and Paula Zillner, Ernst Williams, and Ray Prather, Stewart's coworkers at the Sacramento store. Decl. of William Craley ¶ 7. These potential witnesses all reside in the Eastern District. Decl. of William Craley ¶ 7.

While Bank did not submit declarations from these witnesses, the nature of their potential testimony as it relates to this case is far clearer than Stewart's proposed witnesses. As noted above, Stewart's complaint alleged not only discrimination in hiring and promotion but also discrimination in job assignments, disciplinary procedures, and compensation. Compl. ¶ 28. Bank's proposed witnesses have personal knowledge of how Stewart was treated while working for Bank.

In sum, Bank has shown, both qualitatively and quantitatively, that the witness convenience factor weighs in favor of transfer to the Eastern District.

    d.    Access to Evidence

Stewart alleged that David Beaudin, as the former Regional Sales Manager overseeing the Sacramento and Bay Area Bank stores, kept files and certain personnel records at his San Francisco office. Opposition at 10 (citing Decl. of David Beaudin at ¶ 3). However, Beaudin's declaration does not state that he still has access to these files or that the files are still in the Northern District. Furthermore, Beaudin's employment at Bank was not completely contemporaneous with Stewart's; Beaudin left Bank two months before Stewart did. Bank's Motion at 7. Therefore, even if Beaudin continues to have access to the Bank personnel files that he maintained at his San Francisco office, these files would not paint a complete picture of Stewart's employment record at Bank.

Bank represents that the personnel files and other records are at its offices "in Maryland or in the Sacramento store where Plaintiff worked." Bank's Motion at 7. While

the Maryland files weigh neither for nor against transfer, the personnel files in the Sacramento store do weigh in favor of transfer. Bank alleged that the files are currently in the Eastern District and currently available.

The existence and accessability of evidence in the Eastern District weigh in favor of transfer to the Eastern District.

e. Remaining Factors

Although there are other widely accepted factors that courts may weigh when deciding a discretionary § 1404(a) transfer, see Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000), neither of the parties addressed these factors in more than a perfunctory, conclusory manner. Therefore, the court will not sua sponte, and without adequate briefing from the parties, include these factors in its balancing test to determine the appropriateness of a transfer for convenience.

C. Conclusion

For the reasons stated above, the court finds that the § 1404(a) balancing test weighs in favor of transfer and hereby GRANTS Bank's motion to transfer venue. Pursuant to Civil L.R. 3-14, this order is effective 10 days after it is filed.

**IT IS SO ORDERED.**

Dated: February 10, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge